UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| TAMARIO M. JONES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-065 |
| | ) | CR608-008 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

Tamario M. Jones moves under 28 U.S.C. § 2255 to vacate his guilty-plea based conviction for, *inter alia*, conspiracy to use, carry, and brandish firearms during a crime of violence. Doc. 102.[1] The Court preliminarily reviews it under Rule 4 of the Rules Governing Section 2255 Proceedings.

## I. BACKGROUND

Under his March 4, 2009 plea agreement, Jones pled to counts one and nine of a nine-count firearms indictment,[2] and waived his right to direct and collateral appeal:

---

[1] All citations are to the CR608-008 criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] Count One charged him with "Conspiracy to Use, Carry and Brandish Firearm During a Crime of Violence" in violation of 18 U.S.C. § 924(o). Doc. 63 at 1-2. Count

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence *and* the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, *on any ground*, except that: the Defendant may file a direct appeal of the sentence if it exceeds the statutory maximum; and the Defendant may file a direct appeal of the sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 97 at 8 (emphasis added).[3]

---

Nine charged him with "Using, Carrying and Brandishing a Firearm During a Crime of Violence" in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *Id.* at 7. He received a 149-month sentence. Doc. 94.

[3] While headed by a different Attorney General, the Department of Justice pared back enforcement of appeal waivers. *See Mingo v. United States*, 67 F. Supp. 3d 1370, 1371 (S.D. Ga. 2014) (the new "policy seems to be this: Where ineffective assistance claims could, in the judgment of the U.S. Attorney, reasonably have some basis, the government will not enforce the waiver. But where such claims lack even facial merit, it will.").

> Of course, the Court is not bound by the Justice Department's policy change. In quest of leniency, a defendant who plea bargains for reduced sentencing exposure is able to point to that plea as proof that he has accepted responsibility -- a point the sentencing judge may well consider in being lenient. It is in that sense that the judge absorbs and thus may be said to rely upon the plea bargain. And where that bargain (as was the case here) includes a double waiver, the judge can be influenced by that, too, since the defendant is sparing the taxpayers both direct appeal and collateral review expenses (a natural corollary to the spared-trial-expense component of the acceptance-of-responsibility factor in U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(b)).

*Mingo*, 67 F. Supp. 3d at 1372 n. 3. Jones raises *no* ineffective assistance claim.

2

Unsurprisingly, Jones took no appeal from his March 3, 2009 judgment of conviction. Citing *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), Jones filed the instant § 2255 motion, doc. 102, and moves for appointment of counsel. Doc. 103. For the purpose of this ruling only, the Court will assume that the motion is timely filed.

## II. ANALYSIS

Jones insists that, since *Johnson* declared part of 18 U.S.C. § 924(e)(2)(B)(ii) invalid, its reasoning applies to invalidate the §§ 924(c) and 924(o) counts forming the core of his conviction and sentence. Doc. 102 at 9. This claim, which in part dials into the *Johnson* applicability discussion surfacing in *In re Adams*, ___ F.3d ___, 2016 WL 3269704 (11th Cir. June 15, 2016), *In re Fleur*, ___ F.3d ___, 2016 WL 3190539 (11th Cir. June 8, 2016), *In re Hines*, ___ F.3d ___, 2016 WL 3189822 (11th Cir. June 8, 2016), and *In re Ricardo Pinder, Jr.*, ___ F.3d ___, 2016 WL 3081954 at * 1 (11th Cir. June 1, 2016), fails.

Jones himself acknowledges that he waived his direct and collateral appeal rights. Doc. 102 at 16. In that regard,

> A sentence-appeal waiver is valid if the defendant made the waiver knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). To establish that the waiver was made knowingly and voluntarily, the government must show either that

3

> (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes it manifestly clear that the defendant otherwise understood the full significance of the waiver. *Id.*; *see also United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir.1993). When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collateral attacking a sentence on the basis of ineffective assistance of counsel. *Williams*, 396 F.3d at 1342.

*Demello v. United* States, 969 F. App'x 969, 971-72 (11th Cir. 2015); *Taylor v. United States*, 2016 WL 742118 at * 3 (S.D. Ga. Feb. 24, 2016). Here there is no guilty-plea hearing transcript in the record, and no government response brief (again, this case is under initial Rule 4(b) review). Cases like this typically necessitate the generation of both the transcript and a government response to determine whether the movant effectively waived his rights to direct and collateral review.

Yet, ordering that up here -- where Jones advances no specific plea-invalidity facts (*e.g.*, that he was coerced or tricked into the plea), much less *any* ineffective assistance of counsel claim -- defeats the very bargain that the government secured: It gave him certain benefits in exchange for sparing the taxpayers that expense (government attorney time required to respond to his § 2255 motion, transcript expenses, etc.). To order a transcript and response, then, would gut that bargain.

4

"That is why the Eleventh Circuit's heightened pleading burden must be honored." *Holland v. United States*, 2014 WL 5241531 at * 2 (S.D. Ga. Oct. 14, 2014) (explaining that specific, waiver-invalidating facts must be pled, and emphasizing that mere, "I-want-a-do-over" allegations will not suffice). Where that burden is not met, the agreement itself (here the above excerpt, plus Jones' affirmation of his understanding and acceptance, doc. 97 at 17), plus the absence of any waiver-invalidating allegations, stops the § 2255 train. *Id.*

Jones claims only that he did not intelligently plead guilty because he, his lawyer, and the Court failed to "understand" the law. Doc. 201 at 16. Citing *Bousley v. United States*, 523 U.S. 614, 618-19 (1998), he contends that "post-plea legal changes in substantive law provides a basis for upsetting a guilty plea." *Id.* Were that the § 2255 standard, however, every guilty plea (and waiver) could be quickly undone by mere post-plea legal changes in a defendant's favor -- changes no guilty-plea participants "understood" because, after all, they hadn't happened yet.

Of course, that's not the law. While it is true that "[a] plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent,'" *Bousley*, 523 U.S. at 618 (quoting *Brady v. United States*,

397 U.S. 742, 748 (1970)), it *not* true that a post-plea beneficial legal change renders it involuntary and unintelligent. Since Jones entered a guilty plea upon his counsel's advice, his plea's voluntariness depends on whether that advice was within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). The range then and now is determined by the state of the law as it then existed.

*Bousley*, for that matter, clarified that a favorable downwind legal change is procedurally defaulted if at least the germ of such claim was not raised on direct appeal (again, Jones took no appeal here) though it "may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623 (quotes and cite omitted). Even at that, the movant must show *factual* (not legal) innocence. *Id.* at 623-24.

Nevertheless an analytical wrinkle surfaces here. Does Jones not at most raise a "legal innocence" claim (*i.e.*, that the law on which part of his conviction was based is constitutionally vague and thus, invalid -- not that he was charged with something that simply was not or is no longer a

6

crime)? If so, then even were his double-waiver disregarded,[4] it would still fail because (a) it was not raised on direct appeal (again, Jones waived that); (b) § 2255 cannot do service for a direct appeal, *Foster v. Chatman*, ___ U.S. ___, 2016 WL 2945233 at * 23 (May 23, 2016); *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); and (c) Jones cannot show the "actual innocence" needed to surmount the procedural default otherwise barring his § 2255 claim. But it also could be argued that he is raising something tantamount to an actual innocence claim since, per *Johnson*, the crux of his conviction has been removed.

That's an academic exercise, however. First, 18 U.S.C. § 924(o) (Count One of his indictment) is merely a sentencing provision:

> (o) A person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both; and if the firearm is a machinegun or destructive device, or is equipped with a firearm silencer or muffler, shall be imprisoned for any term of years or life.

18 U.S.C. § 924(o).

---

[4] It is not. Absent any sufficiently pled claim that the double-waiver was not made knowingly and voluntarily, it is being enforced. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1219-20 (11th Cir. 2014) ("The district court did not abuse its considerable discretion in declining to hold a § 2255(b) evidentiary hearing because Winthrop–Redin's involuntary plea claim is based only on conclusory and incredible allegations."). As in *Holland*, 2014 WL 5241531 at * 3, then, Jones' § 2255 motion fails on these grounds alone.

Second, the substantive liability charge to which Jones pled guilty, and thus was convicted, was Count Nine -- "Using, Carrying and Brandishing a Firearm During a Crime of Violence" in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Doc. 63 at 7 (Count Nine); doc. 77 (guilty plea to Counts "1 and 9"); doc. 94 at 1 (Judgment on same). As the *Fleur* court explained, this would make his sentence valid despite *Johnson*. As in *Fleur*, Jones pled guilty to actually using, carrying and discharging a firearm during a Hobbs Act robbery. That meets the "use-of-force" clause of the definition of a crime of violence under § 924(c)(3)(A). Hence, the *Johnson* residual clause issue is inapplicable here, which neutralizes Jones' claim even were it not waived. *See Fleur*, 2016 WL 3190539 at * 3-4; *accord, Hines*, 2016 WL 3189822 at * 3.

## III. CONCLUSION

Accordingly, Jones' § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court *must* issue or deny a

certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Finally, his request for appointment of counsel[5] is **DENIED**. Doc. 103.

**SO REPORTED AND RECOMMENDED**, this  21st  day of June, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] The Rules Governing § 2255 Cases provide that appointment of counsel is proper if an evidentiary hearing is needed or if certain discovery is required, provided that petitioner qualifies under 18 U.S.C. § 3006A(g). Rules 6(a), 8(c). Neither an evidentiary hearing nor discovery are required here, and Jones has demonstrated his ability to file appropriate pleadings seeking § 2255 relief. *See Bing v. U.S.*, 2015 WL 4092699 at * 3 (S.D. Ga. July 6, 2015).