# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| TAMARIO M. JONES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-065 |
| | ) | CR608-008 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Tamario M. Jones moves under 28 U.S.C. § 2255 to vacate his guilty-plea conviction for, *inter alia*, conspiracy to use, carry and brandish firearms during a crime of violence. CR608-008, doc. 102. The Magistrate Judge preliminarily reviewed it under Rule 4 of the Rules Governing Section 2255 Proceedings and advised that it be denied. *Jones v. United States*, 2016 WL 3476429 (S.D. Ga. June 21, 2016); doc. 104. Jones Objects. Doc. 110.

Some background: Jones plead guilty to (Count One) "Conspiracy to Use, Carry and Brandish Firearm During a Crime of Violence" in violation of 18 U.S.C. § 924(o), and to (Count Nine) "Using, Carrying and Brandishing a Firearm During a Crime of Violence" in violation of

18 U.S.C. § 924(c)(1)(A)(ii). Docs. 94 & 97.[1] He argues that he was convicted of a Hobbs Act robbery, that it is a crime of violence for purposes of 18 U.S.C. § 924(c), and that under *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), his sentence is invalid for the same reason as those sentenced under 18 U.S.C. § 924(e)(2)(B)'s "residual clause." Doc. 110.

That argument implicates case law generated by Armed Career Criminal Act (ACCA)-enhanced sentences.[2] The ACCA, which enhances sentences for career criminals convicted of gun felonies, defines "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[1] Count Nine is the substantive offense, while Count One is a sentencing provision. *See United States v. Hill*, 971 F.2d 1461, 1464-65 (10th Cir. 1992) (a defendant need not be convicted for or even charged with an underlying offense to sustain a conviction under § 924(c)(1) because § 924(c)(1) is a distinct substantive offense) (citing *United States v. Martinez*, 924 F.2d 209, 211 n. 2 (11th Cir. 1991) ("924(c)(1) creates a separate offense and separate sentence"). Courts reference these as "companion convictions." *See In re Chance*, ___ F.3d ___, 2016 WL 4123844 at * 2 (11th Cir. Aug. 2, 2016) (noting a conspiracy/sentencing conviction in *In re Pinder*, 824 F.3d 977, ___, 2016 WL 3081954 (11th Cir. June 17, 2016)). Jones received a 149-month sentence. Doc. 94. He faced up to 50 years had he not plea-bargained away the other counts against him. Presentence Investigative Report at 19 ¶ 114.

[2] The ACCA applies to career criminals convicted of gun charges under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e).

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).  Courts refer to prong (i) as the "elements clause," the unitalicized wording of prong (ii) as the "enumerated crimes" clause, and the italicized wording as the "residual clause." *In re Sams*, ___ F.3d ___, 2016 WL 3997213 at * 2 (11th Cir. July 26, 2016).

Again, Jones was convicted under 18 U.S.C. § 924(c)(1)(A)(ii) and its sentencing co-provision, § 924(o), not § 924(e)(2)(B).  Noting § 924(c)(3)'s similarity to § 924(e)(2)(B), Jones' 2255 motion invoked *Johnson*, which held that § 924(e)(2)(B)'s residual clause is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony.  *Id.*, 135 S. Ct. at 2557-58; *see also id.* at 2563 (leaving untouched that provision's elements and enumerated crimes clauses).[3]  He essentially argued that *Johnson's* invalidation of § 924(e)(2)(B)'s residual clause, which is echoed by similar language

---

[3]  Since that case announced a new substantive rule, it applies retroactively to cases on collateral review.  *Welch v. United States*, 578 U.S. at ___, 136 S. Ct. at 1264-65, 1268 (2016).

found in § 924(c)(3), should be applied to invalidate his § 924(c) conviction (hereafter, his "*Johnson* claim").[4] Doc. 110. The Magistrate Judge reasoned that: (1) his *Johnson* claim fails because neither § 924(e)(1)(B)'s residual clause, nor its invalidation reasoning, apply in this, a 924(c) case; (2) that claim should not be reached in any event because Jones waived his right to collateral review; and (3) Jones at most raises a "legal innocence" claim, which is not enough to except him

---

[4] As the Eleventh Circuit recently noted:

> For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> *Id.*, § 924(c)(3). The former clause is referred to herein as the "use-of-force" clause and that later clause as the "§ 924(c)(3)(B) residual clause." Notably, the ACCA's elements clause only involves the use of force "against the person of another," while the use-of-force clause involves the use of force "against the person *or property* of another." *Compare* 18 U.S.C. § 924(e)(2)(B)(i), with 18 U.S.C. § 924(c)(3)(A) (emphasis added).

*In re St. Fleur*, ___ F.3d ___, 2016 WL 3190539 at * 2 (11th Cir. June 8, 2016). Some courts have applied *Johnson* to find that § 924(c)'s residual clause is unconstitutionally vague. *See, e.g., United States v. Baires-Reyes*, 2016 WL 3163049 at * 5 (N.D. Cal. June 7, 2016). That remains an open question in this circuit, *St. Fleur*, 2016 WL 3190539 at * 3, but Jones urges that conclusion here.

from that waiver, as well as the procedural default that arose from his failure to take a direct appeal. Doc. 104.

The Magistrate Judge further explained that the "Using, Carrying and Brandishing a Firearm During a Crime of Violence" charge (in violation of 18 U.S.C. § 924(c)(1)(A)(ii)) satisfied § 924(c)(3)(A)'s "use-of-physical force" elements clause, so no "residual clause" invalidation is in play even were *Johnson*'s reasoning applied here. *Id.* at 8. *Johnson*, after all, left untouched § 924(e)(2)(B)'s "elements" and "enumerated crimes" clauses, 135 S. Ct. at 2563, and they are most appropriately analogous to § 924(c)(1) & (2). And Jones' 18 U.S.C. § 924(o) "charge" was merely a pure sentencing provision, while *Johnson* reached a hybrid substantive/sentencing statutory provision.[5] *Id.* at 7.

---

[5] That distinction is illuminated by this recent case discussing *Johnson* in relation to U.S. Sentencing Guidelines cases:

> By its terms . . . *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. The Supreme Court held that the residual clause of the Armed Career Criminal Act "violate[d] the Constitution's guarantee of due process," 135 S.Ct. at 2563, because it violated "[t]he prohibition of vagueness in criminal statutes," *id.* at 2556–57. It further explained that the vagueness doctrine "appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557. The Armed Career Criminal Act *defines a crime and fixes a sentence, see* 18 U.S.C. § 924(e), but the advisory guidelines do neither. The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v.*

Jones' Fed. R. Civ. P. 72(b)(2) Objection takes his claim to another level. He argues that *Johnson* grants him relief because "his underlying conviction for Hobbs Act robbery under 18 U.S.C. § 1951(a), is not a crime of violence after [*Johnson*], and thus is he innocent of the charge." Doc. 110 at 3.[6] But Jones pled to and was convicted of *no* "Hobbs Act

---

*United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50, 128 S.Ct. at 596–97. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.

*Levert v. United States*, 2016 WL 4070147 at * 3 (N.D. Ala. July 29, 2016) (emphasis added).

[6] He further explains that his

*conviction for Hobbs Act robbery was the substantive count* in the indictment which the district court considered was a crime of violence, and that triggered the sentences under § 924(c). Therefore . . . [the] Hobbs Act robbery cannot qualify as a crime of violence under the elements clause of section 924(c). This is so because in order to qualify as a crime of violence under the elements clause, an offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). And the use or threatened use of force must be "violent" physical force. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*") ("[T]he phrase 'physical force' means violent force -- that is, force capable of causing physical pain or injury to another person.").

Applying the categorical approach, Hobbs Act robbery can never qualify as a crime of violence because the full range of conduct encompassed by the elements of the offense is significantly broader than the conduct required to satisfy the elements clause. Indeed, there are three ways in which Hobbs Act

robbery" substantive count here. His plea agreement dropped 7 of 9 counts, including Counts 2, 4, 6, 8 (18 U.S.C. § 1951, "Commercial Business Robbery"), doc. 97 at 1, and the resulting judgment convicted him of only *one* substantive count: Using, Carrying and Brandishing a Firearm During a Crime of Violence" in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (2). Doc. 63 at 7; doc. 94 at 1; *see also* n. 1 *supra* (citing case law showing that, despite § 924's "penalty" label, a § 924(c) charge nevertheless can act as a substantive count). And, although the Eleventh Circuit recently "ruled that *Johnson's* holding may invalidate the 'very similar' § 924(c)(3)(B) residual clause," *Chance*, 2016 WL 4123844 at * 1, that was not the statutory provision that was applied to him here. In short, Jones' sentence was not enhanced based on any factor made unconstitutional under *Johnson*.

---

robbery can be committed without satisfying the elements clause: (a) Hobbs Act robbery categorically fails to qualify as a crime of violence because it can be accomplished by putting another in fear of injury to "intangible" property, which does not require the threat of physical force to property necessary under § 924(c)(3)(B); (b) Hobbs Act robbery can be violated by placing a person in fear of physical injury without the use, attempted use, or threatened use of "violent" physical force; and (c) Hobbs Act robbery does not require proof that, the defendant "intentionally" used, threatened to use, or attempted to use violent physical force. For each of these independent reasons, Hobbs Act robbery fails to qualify as a crime of violence under § 924(c).

Doc. 110 at 3-4 (emphasis added).

Even were the Hobbs Act robbery a companion conviction, Jones' argument would still fail:

> [W]e need not decide, nor remand to the district court, the § 924(c)(3)(B) residual clause issue in this particular case because even if *Johnson*'s rule about the ACCA residual clause applies to the § 924(c)(3)(B) residual clause, Saint Fleur's claim does not meet the statutory criteria for granting [his 28 U.S.C.] § 2255(h) application. This is because Saint Fleur's companion conviction for Hobbs Act robbery, which was charged in the same indictment as the § 924(c) count, clearly qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A). The indictment and the judgment make clear that Saint Fleur's § 924(c) sentence was not pursuant to the residual clause in subsection (B), but pursuant to the use-of-force clause in subsection (A), which requires that the crime during which the defendant was carrying the firearm be a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A).

*St. Fleur*, 2016 WL 3190539 at *3; *see also Wallace v. United States*, 2016 WL 4147164 at * 1 (S.D. Ga. Aug. 4, 2016) ("[A] petitioner's companion conviction for Hobbs Act robbery forecloses any possibility of relief under *Johnson*."). Here, Jones' indictment expressly alleged that his robberies were "[a]ll done in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and [(2)]." Doc. 63 at 4, 5, 6.

It thus is not necessary to reach Jones' "no-waiver" argument (*i.e.*, that the subsequent invalidation of a statute on which one is convicted

negates appellate waiver and other procedural bars)[7] because his claim otherwise fails on the multiple grounds expressed above. Accordingly, Tamario M. Jones' objection (doc. 110) is **OVERRULED**,[8] the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (doc. 104) as its opinion, and **DISMISSES** without prejudice Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. It should grant a COA only

---

[7]  To build an argument for that result, one would cite *United States v. Cloud*, ___ F. Supp. 3d ___, 2016 WL 3647785 (E.D. Wash. June 24, 2016):

> "[A]n appellate waiver will not apply if 1) a defendant's guilty plea failed to comport with Fed. R. Crim. P. 11 ... or 4) the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir.2007). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* Defendant's *Johnson* claim has a constitutional basis, namely that the residual clause under U.S.S.G. § 4B1.2(a)(2) is an unconstitutionally vague violation of the Due Process Clause. As such, the Court finds that Defendant's *Johnson* claim is not barred by the collateral review waiver because it violates the law.

*Id.* at * 2.

[8]  The Court **GRANTS** Jones' motion for additional time within which to file his Objection, doc. 108, which he in fact has filed. Doc. 110.

if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482-84 (2000), Jones has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case. Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis. See* 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of August, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA